IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-01396-PAB-KMT

MARK WALTER PAULSEN,

    Plaintiff,

v.

JOHN W. HICKENLOOPER, Governor,
RICK RAEMISCH, Executive Director CDOC,
MATHEW HANSEN, Warden,
HELENE CHRISTNER, N/P-M.D., SCF Medical Department,

    Defendants.
_____

**ORDER**
_____

This matter is before the Court on plaintiff's Objection to Defendant's Dismissals [Docket No. 31] and Supplemental Response to Plaintiff's Objection to Dismiss Defendants [Docket No. 36]. The Court construes plaintiff's filings as a motion to reconsider Judge Lewis T. Babcock's October 12, 2018 order dismissing plaintiff's claims against defendants Anthony A. DeCesaro, Gary Ward, Mary Ryder, and Nicole Wilson as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See* Docket No. 26.[1] The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

Plaintiff is a prisoner in the custody of the Colorado Department of Corrections ("CDOC"). He filed this lawsuit on June 6, 2018 asserting claims under 42 U.S.C. § 1983 against various CDOC officials and the governor of Colorado for deliberate

---

[1] Judge Babcock also dismissed defendant CDOC Infectious Committee on the ground that "the committee is not a person subject to suit in a 42 U.S.C. § 1983 action." Docket No. 26 at 7. Plaintiff does not challenge that ruling.

indifference to his serious medical needs and violation of the Equal Protection Clause of the Fourteenth Amendment. Docket No. 1 at 6-7. On July 15, 2018, Magistrate Judge Gordon P. Gallagher entered an order directing plaintiff to file an amended complaint addressing a number of deficiencies in his initial pleading. Docket No. 8. In that order, Judge Gallagher specifically informed plaintiff that he could not "maintain claims against prison officials or administrators on the basis that they denied his grievances." *Id.* at 5. Plaintiff filed his amended complaint on September 14, 2018. Docket No. 23. On October 12, 2018, Judge Lewis T. Babcock entered an order dismissing in part plaintiff's complaint under 28 U.S.C. § 1915. Docket No. 26. As relevant here, Judge Babcock determined that plaintiff's claims against defendants DeCesaro, Ward, Ryder, and Wilson were legally frivolous because they were "based only on their denial of Plaintiff's grievances." *Id.* at 6; *see also Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (holding that "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under [42 U.S.C.] § 1983"). After dismissing these and other claims, Judge Babcock ordered that plaintiff's remaining claims be assigned to the undersigned judge pursuant to D.C.COLO.LCivR 40.1(d)(1) ("If an unrepresented party in a new case already has a case pending or had a case terminated within 12 months of the new filing, the new case shall be assigned to the judicial officers who were assigned the earlier case."). *See* Docket No. 26 at 7. Following reassignment of the case, plaintiff moved for reconsideration of Judge Babcock's order. Docket No. 31.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d

2

858, 861 (10th Cir. 1995). Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp.*, 313 F.2d at 92. However, in order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders. *See, e.g.*, *Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1-2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the duty-to-defend order). Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Because plaintiff is proceeding *pro se*, the Court will construe his motion for reconsideration liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff challenges the dismissal of his § 1983 claims against defendants DeCesaro, Ward, Ryder, and Wilson. *See* Docket No. 31 at 1. Plaintiff argues that defendants "had subjective knowledge of [plaintiff's] medical condition and his need for

3

chronic care," but "disregarded the information/contents when they had the authority to intervene." Docket No. 31 at 1. He further contends that defendants personally participated in causing him physical harm "by turning a blind eye on [plaintiff's] serious medical needs as stated in the many submitted grievances." Docket No. 36 at 1. As Judge Babcock correctly noted, however, the denial of grievances alone does not establish personal participation in a constitutional violation for purposes of § 1983. *See* Docket No. 26 at 6; *see also Gallagher*, 587 F.3d at 1069. Here, plaintiff's claims against defendants DeCesaro, Ward, Ryder, and Wilson were predicated solely on their failure to intervene in plaintiff's medical treatment in response to his grievances. *See* Docket No. 23 at 11-12 (alleging that defendant DeCesaro failed to take "appropriate measures to advise the SCF medical department about the Plaintiff's need for chronic care availability," despite being "aware of the Plaintiff's medical condition as informed through the many grievances submitted by the Plaintiff"), 13 (alleging that defendant Ward "had the authority to intervene by informing the appropriate medical personal [sic] but failed or refused to do so"), 13 (alleging that defendant Ryder "had the authority to intervene by passing on the information written by the Plaintiff in his many grievances and failed to do so"), 14 (alleging that defendant Wilson, as "grievance coordinator [had] the authority to pass the Plaintiff's information about the seriousness of his ongoing health problems to the proper medical administrators"). Plaintiff does not allege that the dismissed defendants had authority over the protocol for treating plaintiff's medical condition or that they personally participated in any of the alleged treatment decisions underlying plaintiff's grievances. Accordingly, Judge Babcock did not clearly err in dismissing plaintiff's claims and there is no basis to reconsider his

4

order.  *Compare Whitington v. Ortiz*, 307 F. App'x 179, 192-93 (10th Cir. 2009) (unpublished) (dismissing claim against grievance officer who allegedly denied plaintiff's grievance and failed to investigate plaintiff's "claimed lack of hygiene items" where there was "no allegation that Officer Bullard had any authority with respect to official CDOC policy or that he personally participated in any of the deprivations that led [plaintiff] to file the grievance in the first place"), *and Larson v. Meek*, 240 F. App'x 777, 780 (10th Cir. 2007) (unpublished) (affirming dismissal of § 1983 claims where "[n]othing in either the original or the amended complaint indicate[d] any action or omission by [the defendant] beyond his denial of [the plaintiff's] grievances"), *with Womble v. Harvanek*, 739 F. App'x 470, 473 (10th Cir. 2017) (unpublished) (reversing dismissal of Eighth Amendment claims where plaintiff alleged that the warden was "wholly responsible for the day to day operations" of the correctional facility and directly responded to plaintiff's request for uncontaminated drinking water, "telling Plaintiff to drink the water from his cell sink"), *and Brooks v. Colo. Dep't of Corrs.*, 715 F. App'x 814, 821 (10th Cir. 2017) (unpublished) (holding that defendant was not entitled to summary judgment on Eighth Amendment claim where plaintiff "presented evidence that he had directed his request for a special meal pass to only one person, [the defendant], who decided to reject his request").[2]

---

[2] Plaintiff's assertion that defendant Ward was a health services administrator and therefore responsible for ensuring that plaintiff received "adequate and proper health care," Docket No. 23 at 13, does not establish that defendant Ward had the authority to intervene in the specific treatment decisions underlying plaintiff's grievances.  *See Brooks*, 715 F. App'x at 820 ("Defendants can incur liability under § 1983 only if they participate in, control, or direct the underlying act or omission."); *Arocho v. Nafziger*, 367 F. App'x 942, 955 (10th Cir. 2010) (unpublished) (suggesting that the denial of a grievance can result in liability if the grievance officer "has an

For the foregoing reasons, it is

**ORDERED** that plaintiff's Objection to Defendant's Dismissals [Docket No. 31] and Supplemental Response to Plaintiff's Objection to Dismiss Defendants [Docket No. 36], which the Court construes as a motion to reconsider Judge Babcock's October 12, 2018 order of partial dismissal, Docket No. 26, is **DENIED**.

DATED September 16, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge

---

independent responsibility for the wrong in question and the grievance provides the necessary notice of the wrong or the effective means to correct it"). In the step two grievance form submitted by plaintiff in conjunction with his motion for reconsideration, defendant Ward indicated that plaintiff was required to contact his provider if he had concerns about a particular health condition. *See* Docket No. 31 at 8.