IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-01396-PAB-KMT

MARK WALTER PAULSEN,

    Plaintiff,

v.

JOHN W. HICKENLOOPER, Governor,
RICK RAEMISCH, Executive Director CDOC,
MATHEW HANSEN, Warden,
HELENE CHRISTNER, N/P-M.D., SCF Medical Department,

    Defendants.

_____

# ORDER
_____

This matter comes before me on that portion of plaintiff Mark Walter Paulsen's Motion Addressing the Plaintiff's "Transfer Under the Colorado Uniform Custodial Trust Act" and Addressing the Court to Recuse Themselves From Case 18-cv-01396-PAB-KMT [Docket No. 84] that seeks my recusal. Mr. Paulsen does not specify the rule or statute under which he makes his request. Section 455(a) of Title 28 of the United States Code states: "Any justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b) states: "He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party. . . ." Under Section 455, a judge must recuse himself when there is the appearance of bias, regardless of whether there is actual bias. *Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995). "The test is whether a reasonable person, knowing all the relevant facts, would

harbor doubts about the judge's impartiality." *Hinman*, 831 F.2d at 939 (citation omitted). If the issue of whether § 455 requires disqualification is a close one, the judge must be recused. *Nichols*, 71 F.3d at 352.

On the other hand, the Tenth Circuit has noted that a judge also has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Id*. at 351. "[S]ection 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestions of personal bias or prejudice." *Franks v. Nimmo,* 796 F.2d 1230 (10th Cir.1986) (quoting *Hines*, 696 F.2d at 729); *see also United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) ("The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice.").

Mr. Paulsen appears to base his recusal request on his opinion that I am "pushing for the same biased outcomes as in the previous cases." Docket No. 84 at 2. As a result, he believes that "this case has a pre-destined outcome." *Id.* Plaintiff also believes that I closed Case No. 16-cv-00129-PAB-KMT "due to the Plaintiff's inability to turn in his graduating certificates from Therapeutic Community." *Id*. at 3. He also complains about the closure of Case No. 15-cv-00800-PAB-KMT, which he characterizes as a "good old boy thing." *Id.*

As noted by the Tenth Circuit in *Lowe v. Gibson*, 103 F.3d 144 at *1 (10th Cir. 1996) (table):

> A judge's prior rulings rarely provide valid grounds for recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Lopez v. Behles* (*In re American Ready Mix, Inc.*), 14 F.3d 1497, 1501 (10th Cir.1994) ("Adverse rulings alone are insufficient grounds for disqualification.").

> Prior rulings or opinions "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

Mr. Paulsen complains about my previous rulings, believing that they are biased against him. However, he does not identify anything about these rulings, other than an unfavorable result, that he believes shows evidence of a deep-seated favoritism or antagonism. I find that Mr. Paulsen has failed to identify a reasonable factual basis for questioning my partiality. Nothing that Mr. Paulsen has alleged would cause a reasonable person, who is familiar with the cases and orders, to have doubts about my impartiality. As a result, I will deny that portion of the motion that seeks my recusal.

DATED September 26, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge