IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-01396-PAB-KMT

MARK WALTER PAULSEN,

    Plaintiff,

v.

JOHN W. HICKENLOOPER, Governor,
RICK RAEMISCH, Executive Director CDOC,
MATHEW HANSEN, Warden,
HELENE CHRISTNER, N/P-M.D., SCF Medical Department,

    Defendants.

_____

**ORDER**
_____

This matter is before the Court on the Recommendation of the United States Magistrate Judge [Docket No. 68] filed on August 28, 2019.  The magistrate judge recommends that the Court deny Plaintiff's Motion Requesting Injunction [Docket No. 55] and grant defendants' Motion to Dismiss [Docket No. 42] with respect to all claims, except plaintiff's Eighth Amendment claim against defendant Helene Christner in her individual capacity.  *See* Docket No. 68 at 20-21.

**I. BACKGROUND**

The facts, thoroughly summarized in the magistrate judge's recommendation, *see* Docket No. 68, will not be restated here.  In brief, plaintiff is asserting violations of his Eighth Amendment, Fourteenth Amendment due process, and Fourteenth Amendment equal protection rights based on defendants' alleged failure to provide him with adequate medical care during his time as an inmate in the custody of the Colorado

Department of Corrections ("CDOC"). *See generally* Docket No. 23. On December 14, 2018, defendants moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Docket No. 42. Plaintiff subsequently moved for an injunction compelling the "CDOC to immediately start medical treatments (TX) for Physical and Mental ongoing Illnesses from pro-longed hepatitis 'C.'" Docket No. 55 at 1. On August 28, 2019, the magistrate judge recommended that the Court (1) deny plaintiff's request for a preliminary injunction as moot; and (2) grant defendants' motion to dismiss with respect to all claims except plaintiff's Eighth Amendment deliberate indifference claim against defendant Christner in her individual capacity. *See* Docket No. 68 at 20-21. On September 19, 2019, plaintiff filed an "Objection to Dismiss Defendants, Hickenlooper Raemish, Hansen, Christner," Docket No. 80, which the Court construes as an objection to the magistrate judge's August 28, 2019 recommendation.

## II. STANDARD OF REVIEW

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

In the absence of a proper objection, the Court reviews the magistrate judge's recommendation to satisfy itself that there is "no clear error on the face of the record."[1] Fed. R. Civ. P. 72(b), Advisory Committee Notes.

---

[1]This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

Because plaintiff is proceeding *pro se*, the Court construes his objection and pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III. ANALYSIS

Construed liberally, plaintiff's objection raises six arguments in opposition to the magistrate judge's recommendation: (1) dismissal is premature because plaintiff lacks access to vital documents that he requested in November 2018, Docket No. 80 at 1; (2) the Eleventh Amendment "does not forbid suing state officials for damages in their individual capacities and declaratory or injunctive relief in their official capacities," *id.*; (3) plaintiff has submitted numerous attachments and exhibits supporting his claims, *id.* at 1-2; (4) defendants Hickenlooper, Raemisch, and Hansen are liable for helping to implement the CDOC's protocol for treating Hepatitis C Virus ("HCV"), *id.* at 2-5; (5) the "HCV protocol denies equal access to inmates seeking HCV [treatment], a Fourteenth Amendment violation, *id.* at 3; and (6) defendant Christner is liable for disregarding plaintiff's severe health issues. *Id.* at 5. Plaintiff also requests that the Court stay proceedings in this case until he is given access to the "Infection Disease Committee (IDC) records." *Id.* at 6.

Plaintiff's first argument, and his request for a stay pending discovery of the IDC records, is without merit. "Federal Rule of Civil Procedure 12(b)(6) permits defendants to test the legal sufficiency of the complaint *prior to discovery*." *See Ultradent Prods., Inc. v. Spectrum Sols. LLC*, 2018 WL 324868, at *2 (D. Utah Jan. 8, 2018) (emphasis added); *see also Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) ("Generally,

the sufficiency of a complaint must rest on its contents alone."). Thus, plaintiff is not entitled to discovery prior to the dismissal of his claims.

Plaintiff's second argument – to the extent it can be construed as an objection to the magistrate judge's recommendation – is also misplaced. Plaintiff asserts that the Eleventh Amendment "does not forbid suing state officials for damages in their individual capacities and declaratory or injunctive relief in their official capacities." Docket No. 80 at 1. However, the magistrate judge's recommendation is not inconsistent. The magistrate judge concluded that the Eleventh Amendment bars plaintiff's claims for monetary relief against defendants in their official capacities. Docket No. 68 at 11. While she also recommended dismissal of plaintiff's official-capacity claims for injunctive relief and his individual-capacity claims for damages against defendants Hickenlooper, Raemisch, and Hansen, she did so on other grounds. Specifically, the magistrate judge determined that plaintiff's claims for injunctive relief were mooted by plaintiff's release from CDOC custody, *see* Docket No. 68 at 9-10, and his allegations in support of the individual-capacity claims for monetary relief did not "show the requisite amount of personal involvement by Defendants Hickenlooper, Raemisch, or Hansen to state a claim under [42 U.S.C.] § 1983." *Id.* at 12-14. Because the magistrate judge correctly applied the doctrine of Eleventh Amendment immunity, plaintiff's second argument will be overruled.

Plaintiff next contends that he has submitted sufficient evidence – in the form of "documents, photographs of himself, declarations, blood draws, ambulatory records, grievances, kites, administrative regulations (ARs), clinical and hospital records" – to proceed to trial on his constitutional claims. Docket No. 80 at 1-2. As explained above,

4

however, Fed. R. Civ. P. 12(b)(6) concerns the legal sufficiency of the complaint without regard to documentary evidence. Accordingly, with the exception of documents attached to the complaint, *see Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) ("Exhibits attached to a complaint are properly treated as part of the pleadings for purposes of ruling on a motion to dismiss."), the Court will generally not consider evidence outside of the pleadings in resolving defendants' motion to dismiss under Rule 12(b)(6).[2] Having reviewed the documents appended to the complaint, which consist of plaintiff's CDOC treatment records from July and August 2018, *see* Docket No. 23 at 21-27, the Court finds no error in the magistrate judge's recommendation.

Plaintiff's fourth argument – that defendants Hickenlooper, Raemisch, and Hansen are constitutionally liable for helping to implement the HCV treatment protocols, *see* Docket No. 80 at 2-5 – appears to be an objection to the magistrate judge's determination that plaintiff's "allegations fail to show the requisite amount of personal involvement by [defendants] to state a claim under § 1983." Docket No. 68 at 12.

---

[2]There are limited exceptions to this general rule. For example, a court may consider documents referred to in the complaint if the documents are central to the plaintiff's claims and the parties do not dispute their authenticity. *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002). In his objection to the magistrate judge's recommendation, however, plaintiff does not identify specific documents fitting this exception that the magistrate judge should have considered, but did not. Even assuming that the documents attached to plaintiff's objection are indisputably authentic, referenced in the complaint, and central to his constitutional claims, the documents do not show that defendants Hickenlooper, Raemisch, or Hansen were personally involved in the alleged constitutional violations, *see* Docket No. 68 at 12-14, or that defendant Christner violated plaintiff's clearly established constitutional rights under the Equal Protection and Due Process Clauses of the Fourteenth Amendment. *See id.* at 17-20. The same is true of the documents submitted in conjunction with plaintiff's response to defendants' motion to dismiss. *See* Docket No. 49 at 17-20; Docket No. 50; Docket No. 51; Docket No. 52.

As summarized in the magistrate judge's recommendation, plaintiff's claims against defendants Hickenlooper, Raemisch, and Hansen are predicated on a theory of supervisory liability. *See* Docket No. 68 at 12; *see also* Docket No. 23 at 4-7. To prevail under this theory, plaintiff must show: (1) "the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy"; (2) the policy "caused the complained of constitutional harm"; and (3) the defendant "acted with the state of mind required to establish the alleged constitutional violation." *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010)). The Court agrees with the magistrate judge that plaintiff's claims against defendants Hickenlooper, Raemisch, and Hansen fail on the third element. The requisite state of mind for demonstrating supervisory liability for purposes of a § 1983 claim is the same state of mind necessary to establish the underlying constitutional violation. *See Dodds*, 614 F.3d at 1204. Here, plaintiff's claims for deliberate indifference under the Eighth Amendment and violation of his procedural due process and equal protection rights under the Fourteenth Amendment all require a state of mind more culpable than negligence. *See Farmer v. Brennan*, 511 U.S. 825, 834-37 (1994) (establishing deliberate indifference standard for Eighth Amendment violations); *Bird v. West Valley City*, 832 F.3d 1188, 1207 (10th Cir. 2016) (stating that discriminatory intent or purpose is required to establish an equal protection violation); *Brown*, 662 F.3d at 1170 (noting that, although the Tenth Circuit has not resolved the state of mind necessary to establish a procedural due process violation, the Supreme Court has held that "a plaintiff must show that the defendant was more than simply

negligent," and other circuits have required "a state of mind element such as recklessness or gross negligence"). Because plaintiff has not alleged any facts showing that defendants promulgated, enforced, and supervised the HCV protocol with a sufficiently culpable state of mind, the magistrate judge correctly recommended that the claims against defendants Hickenlooper, Raemisch, and Hansen in their individual capacities be dismissed under Fed. R. Civ. P. 12(b)(6).[3]

Plaintiff's last two arguments are also unpersuasive. Regarding his equal protection claim, plaintiff asserts that the "HCV protocol denies equal access to inmates seeking HCV [treatment]." Docket No. 80 at 3. As the magistrate judge determined, however, plaintiff has not "provide[d] a sufficient factual basis from which to infer" that there were individuals similarly situated to him in "every relevant respect" who were treated differently. Docket No. 68 at 18; *see also Requena v. Roberts*, 893 F.3d 1195, 1210 (10th Cir. 2018) (stating that individuals are "similarly situated" for purposes of an equal protection claim "only if they are alike in all relevant respects" (internal quotation

---

[3]Plaintiff asserts in his objection that there is an "affirmative link" between defendants' actions and the alleged constitutional violations because the names of defendant Hickenlooper and Raemisch appear on a letter from Doug Roberts, a medical monitor with the Private Prisons Monitoring Unit, informing plaintiff that he is eligible for treatment at "KCCC." Docket No. 80 at 8; *see also* Docket No. 80 at 3. The Court disagrees. The mere fact that defendants' names appear on letterhead does not support a reasonable inference that they had any knowledge of plaintiff's treatment needs. Plaintiff also states that "the warden should have been notified" when a grievance reaches step three of the grievance process. Docket No. 80 at 5. It is not clear, however, whether this statement is normative or descriptive of the CDOC's actual notice policies. In any event, the complaint does not contain any allegations that defendant Hansen was aware of plaintiff's grievances, and plaintiff may not amend his complaint through an objection to the magistrate judge's recommendation. *See Nagim v. Walker*, No. 10-cv-02973-WYD-KLM, 2011 WL 1743431, at *2 (D. Colo. May 6, 2011) ("[N]ew claims or allegations can only be added through the filing of a motion to amend the complaint which must be granted by the Court.").

marks omitted)).[4]  Finally, plaintiff makes several arguments regarding defendant Christner's failure to respond to plaintiff's medical needs.  *See* Docket No. 68 at 5-6.  None of these arguments constitutes a proper objection to the magistrate judge's recommendation, which concluded that plaintiff had plausibly alleged an Eighth Amendment claim against defendant Christner, but had failed to demonstrate that she violated his clearly established procedural due process rights under the Fourteenth Amendment.  *See* Docket No. 68 at 17, 20.  Because plaintiff's arguments do not address these conclusions – and the Court finds such conclusions to be correct in any event, *see Erickson v. Pardus*, 198 F. App'x 694, 699 (10th Cir. 2006) (unpublished) (finding allegations insufficient to show that defendants' discontinuation of plaintiff's hepatitis C treatment constituted a procedural due process violation where prison's three-step grievance process gave plaintiff "ample procedural opportunities to challenge his removal from the . . . treatment program"), *vacated on other grounds*, 551 U.S. 89 (2007) – plaintiff's objection will be overruled.

## IV.  LEAVE TO AMEND

"[D]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) (internal quotation marks omitted).  In other words, where a plaintiff's "factual allegations are close to stating a claim but are missing some important element

---

[4]To the extent plaintiff seeks, through his response to defendants' motion to dismiss and his objection to the magistrate judge's recommendation, to amend the allegations pertinent to his equal protection claim, *see* Docket No. 49 at 12; Docket No. 80 at 5, he may not do so.  *See Nagim*, 2011 WL 1743431, at *2.

that may not have occurred to him," the plaintiff should be permitted to amend his complaint. *Id.* (internal quotation marks omitted). Here, plaintiff has asserted at least one fact suggesting that he was treated differently from other inmates with similar medical needs. *See* Docket No. 23 at 10 (alleging that "[a]n offender with APRI score of 1.5 . . . or greater will be screened for HCC with alpha feoprotein (AFP) blood test every six months," but that plaintiff was not screened in conformity with that protocol, despite having an APRI score of 1.7). Based on this allegation and evidence submitted in response to defendants' motion to dismiss, *see* Docket No. 50 at 3, the Court is unable to conclude that granting plaintiff leave to amend his Eighth Amendment claim against defendant Christner would be futile. Accordingly, this claim will be dismissed without prejudice.

As to plaintiff's remaining claims that are subject to dismissal under the magistrate judge's recommendation, plaintiff's factual allegations are not "close to stating a claim." *Gee*, 627 F.3d at 1195. These claims will therefore be dismissed with prejudice.

## V. UNOBJECTED-TO RULINGS

As for the unobjected-to portions of the recommendation, in the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn,* 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to

9

those findings"). In this matter, the Court has reviewed the unobjected-to portions of the recommendation and satisfied itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes.

## VI. OTHER OBJECTIONS

On September 25, 2019, plaintiff filed a document entitled "Motion Addressing the Plaintiff's 'Transfer Under the Colorado Uniform Custodial Trust Act' and Addressing the Court to Recuse Themselves from Case 18-cv-01396-PAB-KMT." Docket No. 84. On September 26, 2019, the Court denied that portion of plaintiff's motion seeking the undersigned's recusal from this case. *See* Docket No. 85 at 3. To the extent other parts of the motion could be construed as an objection to the magistrate judge's ruling on plaintiff's Motion for Transfer Under the "Colorado Uniform Custodial Trust Act" [Docket No. 73], *see* Docket No. 77, those parts of the motion will also be denied. The magistrate judge's ruling explains the circumstances under which plaintiff may have his sister continue this action as his representative, *see* Docket No. 77, and plaintiff has not demonstrated any clear error in that ruling. *See* Fed. R. Civ. P. 72(a) (when reviewing a party's objection to a magistrate judge's order on a non-dispositive matter, a court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law").

## VII. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Objection to Dismiss Defendants, Hickenlooper Raemish, Hansen, Christner [Docket No. 80], which the Court construes as an objection

to the magistrate judge's recommendation [Docket No. 68], is **OVERRULED**. It is further

ORDERED that the Recommendation of United States Magistrate Judge [Docket No. 68] is **ACCEPTED**. It is further

ORDERED that defendants' Motion to Dismiss [Docket No. 42] is **GRANTED** in part and **DENIED** in part. It is further

ORDERED that plaintiff's claims for injunctive relief are **DISMISSED** without prejudice on mootness grounds. It is further

ORDERED that plaintiff's claims against defendants in their official capacities are **DISMISSED** without prejudice. It is further

ORDERED that plaintiff's claims against defendants Hickenlooper, Raemisch, and Hansen in their individual capacities are **DISMISSED** with prejudice. It is further

ORDERED that plaintiff's Fourteenth Amendment procedural due process claim against defendant Christner in her individual capacity is **DISMISSED** with prejudice. It is further

ORDERED that plaintiff's Fourteenth Amendment equal protection claim against defendant Christner in her individual capacity is **DISMISSED** without prejudice. It is further

ORDERED that Plaintiff's Motion Requesting Injunction [Docket No. 55] is **DENIED** as moot. It is further

ORDERED that, to the extent plaintiff's Motion Addressing the Plaintiff's "Transfer Under the Colorado Uniform Custodial Trust Act" and Addressing the Court to

Recuse Themselves from Case 18-cv-01396-PAB-KMT can be construed as an objection to the magistrate judge's order, Docket No. 77, under Fed. R. Civ. P. 72(a), plaintiff's objection is **OVERRULED**.  The remaining portion of plaintiff's motion, which appears to request Magistrate Judge Tafoya's recusal from this case, will be referred to the magistrate judge in a separate order.

DATED September 27, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge