IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-01396-PAB-KMT

MARK WALTER PAULSEN,

    Plaintiff,

v.

HELENE CHRISTNER, N/P-M.D., SCF Medical Department

    Defendant.

_____

# ORDER
_____

    This matter is before the Court on Recommendation of United States Magistrate [Docket No. 154]. The magistrate judge recommends that the Court grant defendant's motion for summary judgment. *See* Docket No. 154 at 26.

    The Court draws the relevant facts from the magistrate judge's recommendation. Plaintiff is a former inmate who suffers from issues resulting from chronic Hepatitis C. *See id.* at 2. Plaintiff brings a claim pursuant to 42 U.S.C. § 1983, alleging that defendant improperly treated his medical issues stemming from his chronic Hepatitis C. *Id.* at 11. The magistrate judge makes two recommendations. First, the magistrate judge recommends that the Court find that plaintiff did not exhaust administrative remedies as to any claim "other than the denial of his chronic care status and the failure to address his blood test results" and, accordingly, dismiss any claim based on those allegations without prejudice. *Id.* at 20. As to the remaining claims based on chronic care status and the blood test, the magistrate judge found that plaintiff had failed to

demonstrate a genuine issue of material fact as to the objective component of his deliberate indifference claim and, as a result, recommends that defendant be entitled to qualified immunity. *Id.* at 25-26.

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id.*

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of the recommendation to confirm that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b). Because plaintiff is proceeding pro se, the Court construes his objections and pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Recommendation was served on August 10, 2021. *See* Docket No. 154. On August 16, 2021, plaintiff filed a motion for a status update. *See* Docket No. 155 at 1. Plaintiff mailed that motion on August 11, 2021, *see id.* at 4, a day after the Recommendation was served. On August 17, 2021, in response to the motion, the magistrate judge informed plaintiff that the Recommendation was served on August 10, 2021 and denied any other relief plaintiff sought in the motion. *See* Docket No. 157. On August 30, 2021, plaintiff filed his objections to the Recommendation. *See* Docket No. 159 at 17. However, the deadline for plaintiff to object was August 24, 2021, fourteen days after the Recommendation was served. *See* Docket No. 154 at 26-27. Accordingly, plaintiff's objections were not timely.

The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). "The failure to timely object to a magistrate's recommendations waives appellate review of both factual and legal questions." *Id.* (internal quotation marks omitted). However, "the firm waiver rule does not apply (1) when a pro se litigant was not notified 'of the time period for objecting and the consequences of failing to object,' (2) 'when the interests of justice warrant,' or (3) when the party that failed to object 'makes the onerous showing required to demonstrate plain error.'" *Schupper v. Cafasso*, 708 F. App'x 943, 946 (10th Cir. 2017) (unpublished) (quoting *Wardell v. Duncan*, 470 F.3d 954, 958 (10th Cir. 2006)).

First, as to whether plaintiff was notified of the time period to object, the magistrate judge clearly stated at the end of the Recommendation that plaintiff had fourteen days to object, or else he would waive review. *See* Docket No. 154 at 26-27. Accordingly, the first exception to the firm waiver rule does not apply.

As to the interests of justice, the Tenth Circuit considers "a pro se litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1120 (10th Cir. 2005). Plaintiff's objection contains no explanation for why his objection was late. *See generally* Docket No. 159. As a result, the Court finds that plaintiff's efforts to comply and the "force and plausibility" of the explanation for failure to comply do not justify departing from the firm waiver rule. *See Morales-Fernandez*, 418 F.3d at 1120.

The Tenth Circuit has stated that "[i]n many respects, the interests of justice analysis we have developed, which expressly includes review of a litigant's unobjected-to substantive claims on the merits, is similar to reviewing for plain error." *Duffield*, 545 F.3d at 1238 (quoting *Morales-Fernandez*, 418 F.3d at 1120). Therefore, the Court will consider the importance of the issues raised in the context of determining whether the magistrate judge committed plain error. *See Craighead v. Bear*, 717 F. App'x 815, 819 (10th Cir. 2017) (unpublished) (noting that the "importance of the issue raised" is determined by an analysis similar to plain error review).

"Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Morales-Fernandez*, 418 F.3d at 1122-23 (quotation

and citation omitted). "To be plain, the error must be clear or obvious under current, well-settled law of either the Supreme Court or [the Tenth Circuit]." *Fed. Deposit Ins. Corp. v. Kan. Bankers Sur. Co*., 840 F.3d 1167, 1172 (10th Cir. 2016).

The magistrate judge makes two recommendations: (1) dismissing without prejudice any claim that is not based on denial of chronic care status and blood test results for a failure to exhaust and (2) dismissing the remaining allegations for failing to demonstrate an objectively serious medical need. *See* Docket No. 154 at 20, 25-26. The Court finds no plain error in the magistrate judge's recommendation.

The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). An inmate's obligation to exhaust administrative remedies is mandatory. *See Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA."). The only exception to exhaustion is that an inmate is only required to exhaust "available" remedies. *See Ross*, 136 S. Ct. at 1856. Critically, administrative remedies must be exhausted before filing suit; an inmate is not permitted to exhaust remedies during the pendency of litigation. *See Ruppert v. Aragon*, 448 F. App'x 862, 863 (10th Cir. 2012) (unpublished) ("Since the PLRA makes exhaustion a precondition to *filing* a suit, an action brought before administrative remedies are exhausted must be dismissed without regard to concern for judicial efficiency." (citations omitted)); *see also Woodford*

*v. Ngo*, 548 U.S. 81, 94-96 (2006) (holding that the PLRA requires "proper" exhaustion such that the entire administrative process is completed before filing suit).

The magistrate judge concluded that, as to plaintiff's non-chronic care status and blood test grievances, plaintiff failed to exhaust his remedies by not completing the grievance process. *See* Docket No. 154 at 17-19. While plaintiff argued that the "subject matter" of the grievances was the same, the magistrate judge found that plaintiff had failed to offer any evidence that these grievances were not procedurally defective. *Id.* at 19. Nor did plaintiff "submit an affidavit with supporting documentation to show that he did, in fact, exhaust all the grievances at issue here." *Id.* The Court finds no error in the magistrate judge's recommendation. Plaintiff failed to complete the grievance process and, as the magistrate judge concluded, that failure means he did not exhaust administrative remedies are required by the PLRA.

A deliberate indifference claim requires plaintiff to show that (1) he was deprived of a medical need that objectively is "sufficiently serious," and (2) that the defendant subjectively knew of and disregarded "an excessive risk to [the detainee's] health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994). The magistrate judge recommends dismissing plaintiff's Eighth Amendment claim against defendant because plaintiff failed to "direct the court to *any* evidence in the summary judgment record regarding the nature of his alleged medical conditions." Docket No. 154 at 23. The magistrate judge found that the summary judgment record demonstrates that, for each episode of defendant's care of plaintiff, plaintiff's "medical complaints required only minimal healthcare intervention, if at all." *Id.* Plaintiff's objections merely repeat his

allegations on the briefing below and he fails, again, to point to any evidence in the record demonstrating the sufficiently serious nature of his medical conditions. Accordingly, the Court finds no error in the magistrate judge's recommendation that is clear and obvious under federal law. See *Fed. Deposit Ins. Corp.*, 840 F.3d at 1172. As a result, no exception to the firm waiver rule applies, and plaintiff has lost his opportunity to seek review of the decision.[1]

## V. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate [Docket No. 154] is **ACCEPTED**. It is further

**ORDERED** that Defendant's Motion for Summary Judgment [Docket No. 131] is **GRANTED**. It is further

**ORDERED** that any claim other than the denial of plaintiff's chronic care status and the failure to address his blood test results is **DISMISSED** without prejudice. It is further

**ORDERED** that plaintiff's claim based on denial of his chronic care status and failure to address blood test results is **DISMISSED** with prejudice. It is further

---

[1] The Court notes that, even if the firm waiver rule did not apply, plaintiff has failed to present any specific objections to the magistrate recommendation. His objections do not discuss the magistrate recommendation and, instead, are a wholesale reargument of the briefing on defendant's motion for summary judgment. See Docket No. 160. Without a specific objection, plaintiff does not "focus attention on those issues – factual and legal – that are the heart of the dispute." *2121 E. 30th St.*, 73 F.3d at 1059. As a result, even without firm waiver, the Court would be unable to review plaintiff's objections de novo.

**ORDERED** that this case is closed.

DATED September 21, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge